1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ROBINSON, | CASE NO. 1:09-cv-00142-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| SGT. TIMONEON, et al., | |
| Defendants. | (Doc. 1) |
| / | THIRTY-DAY DEADLINE |

### Screening Order

## I.     Screening Requirement

Plaintiff Aaron Robinson, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 23, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1]  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

///

[1] Plaintiff was incarcerated when he filed this action.

1

1   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."

2   28 U.S.C. § 1915(e)(2)(B)(ii).

3       A complaint must contain "a short and plain statement of the claim showing that the pleader

4   is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

5   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

6   do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

7   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient

8   factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at

9   1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere

10  possibility that a defendant committed misconduct, Iqbal, 129 S.Ct. at 1950, and while factual

11  allegations are accepted as true, legal conclusion are not, id. at 1949.

12  **II.    Plaintiff's Claims**

13      **A.    Allegations**

14      Plaintiff alleges that when he was incarcerated at the California Correctional Institution in

15  Tehachapi, his rights under the Eighth Amendment of the United States Constitution were violated

16  by Defendant Timoneon, a sergeant; and Defendants Perez, Deusenberger, Robinson, and Amos,

17  who are correctional officers.  Plaintiff seeks damages and the appointment of counsel.

18      Plaintiff alleges that Defendant Timoneon called Plaintiff "his bitch" and coerced Plaintiff

19  into calling him "his Daddy."  (Doc. 1, Comp., court record p. 5.)  Defendant Timoneon threatened

20  to set Plaintiff up by planting an inmate-manufactured weapon, take away Plaintiff's sensitive needs

21  yard chrono, and house Plaintiff with a documented enemy or enemies.

22      Plaintiff alleges that Defendant Perez removed Plaintiff's elbow from the wall and struck

23  himself in the face with it; and threatened to falsely charge Plaintiff with battery on a peace officer,

24  physically harm Plaintiff, and house Plaintiff in general population while substantiating Plaintiff's

25  sensitive needs yard status.

26      Defendant Deusenberger falsely alleged that he found a twelve inch steel weapon in

27  Plaintiff's secured living area during a search and told Plaintiff that things like that could happen to

28  Plaintiff if he did not "follow the program."  (Id., p. 6.)

When Plaintiff was on the wall in a search/frisk stance position, Defendant Robinson cornered Plaintiff and raised his baton as if he was going to strike Plaintiff and made a striking motion toward Plaintiff in a physically forceful manner.  During the same incident, Defendant Amos was present but failed to put a stop to the actions being taken against Plaintiff.

### B.   Eighth Amendment Claims[2]

#### 1.   Defendant Timoneon

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

The Eighth Amendment protects inmates from being intentionally endangered by prison officials.  However, Plaintiff's allegations that Defendant Timoneon threatened to set him up and cause him harm are insufficient to support an Eighth Amendment claim.  Farmer, 511 U.S. at 847.  Verbal harassment or abuse alone does not state a claim, Oltarzewski v. Ruggiero, 830 F.2d 136, 139

///

---

[2] Plaintiff may not pursue multiple, unrelated claims in this action.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  It appears that Plaintiff's claims arise from different incidents.  If that is the case, Plaintiff will not be permitted to proceed in this action on all of the claims, assuming Plaintiff is able to cure the other deficiencies identified in this order.

1   (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, <u>Gaut v. Sunn</u>, 810

2   F.2d 923, 925 (9th Cir. 1987).

3                    **2.**      **Defendants  Perez, Deusenberger, Robinson, and Amos**

4           For claims of excessive physical force, the issue is "whether force was applied in a good-faith

5   effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  <u>Hudson v.</u>

6   <u>McMillian</u>, 503 U.S. 1, 7, 112 S.Ct. 995 (1992); <u>Wilkins v. Gaddy</u>, 130 S.Ct. 1175, 1178 (2010) (per

7   curiam).  Although <u>de</u> <u>minimis</u> uses of force do not violate the Constitution, the malicious and

8   sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or

9   not significant injury is evident.  <u>Wilkins</u>, 130 S.Ct. at 1178; <u>Hudson</u>, 503 U. S. at 9-10; <u>Oliver v.</u>

10  <u>Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002).

11          Plaintiff's allegations do not support an Eighth Amendment claim for use of excessive

12  physical force.  To the extent that Plaintiff's allegations may support a claim for assault and/or

13  battery under California tort law, that claim may not be pursued in this section 1983 action.

14  Although the Court may exercise supplemental jurisdiction over state law claims under certain

15  circumstances, there is no supplemental jurisdiction where, as here, there are no viable federal claims

16  in the complaint.  28 U.S.C. § 1367(a); <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d

17  802, 805 (9th Cir. 2001).

18  **III.**   **Motion for the Appointment of Counsel**

19          In his complaint, Plaintiff seeks the appointment of counsel.  Plaintiff does not have a

20  constitutional right to counsel in this action.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009);

21  <u>Storseth v. Spellman</u>, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary

22  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional

23  circumstances exist.  <u>Palmer</u>, 560 F.3d at 970; <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir.

24  1981).  In making this determination, the Court must evaluate the likelihood of success on the merits

25  and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues

26  involved.  <u>Palmer</u> at 970 (citation and quotation marks omitted); <u>Wilborn</u>, 789 F.2d at 1331.  Neither

27  consideration is dispositive and they must be viewed together.  <u>Palmer</u> 560 F.3d at 970 (citation and

28  quotation marks omitted); <u>Wilborn</u> 789 F.2d at 1331.

1    In the present case, the Court does not find the required exceptional circumstances.  Even if

2    it is assumed that Plaintiff is not well versed in the law and that he will be able to make serious

3    allegations in his amended complaint which, if proved, would entitle him to relief, his case is not

4    exceptional.  The Court is faced with similar cases almost daily.  Therefore, Plaintiff's request for

5    the appointment of counsel must be denied.

6    **IV.**    **Conclusion and Order**

7        Plaintiff's complaint does not state any claims upon which relief may be granted under

8    section 1983.   The Court will grant Plaintiff one opportunity to file an amended complaint.  Noll v.

9    Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

10   adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607.

11       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

12   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

13   Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient]

14   to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations

15   omitted).

16       Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

17   114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

18   be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

19   Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

20   amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

21   644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

22       Based on the foregoing, it is HEREBY ORDERED that:

23       1.    Plaintiff's motion for the appointment of counsel is denied;

24       2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

25       3.    Plaintiff's complaint, filed January 23, 2009, is dismissed for failure to state a claim

26           upon which relief may be granted;

27       4.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

28           amended complaint; and

5

5.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    December 10, 2010          _____/s/ Sandra M. Snyder_____**
                                    UNITED STATES MAGISTRATE JUDGE